U. S. DISTRICT COURT
Eastern District of Louisiana

FILED   JUL 2 8 2009

LORETTA G. WHYTE
Clerk

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL PAUL CASTRILLO | ) | |
| PLAINTIFF | ) | |
| | ) | |
| | ) | |
| | ) | CIVIL ACTION NO 09-4369 |
| | ) | |
| | ) | JUDGE: SARAH S. VANCE |
| V. | ) | |
| | ) | MAGISTRATE: |
| | ) | DANIEL E. KNOWLES, III |
| AMERICAN HOME | ) | |
| MORTGAGE SERVICING, INC. | ) | |
| WELLS FARGO BANK, N.A. AS | ) | |
| TRUSTEE FOR  CITIGROUP | ) | |
| MORTGAGE LOAN TRUST INC., | ) | |
| ASSET-BACKED PASS- | ) | |
| THROUGH CERTIFICATES, | ) | |
| SERIES 2005-OPT4 | ) | |

---------------------------------------------------

## RICO CASE STATEMENT

1. Pursuant to the July 13, 2009 Order of this Court, plaintiff respectfully presents this RICO Case Statement.  It is requested that the Court also refer to the Memorandum in support of the original petition filed in Orleans Parish Civil District Court that has been made a part of the record.

___ Fee_____
___ Process_____
_X_ Dktd_____
_X_ CtRmDep_____
___ Doc. No._____

2. Counsel for the Defendants has informed the court that the filings in this case appear "convoluted and difficult to understand." With an eye to clarifying then, Plaintiff respectfully presents this short summary:

Defendants:

1.  Falsely claimed to be the owner of rights to a mortgage on Plaintiff's property, and holder of a Promissory Note.
2.  Collected on, entered into a loan modification on, and did not provide the proper notifications on, a Note they did not own, nor had ever had an assignment of rights to.
2.  Forged a Promissory Note, and Notice of Right to Cancel.
3.  Attempted to enforce the forged Promissory Note via the mails and wires.
4.  After the commencement of litigation, Defendants continued collection activity without verifying the debt as required by statute.
5.  After the commencement of litigation, Defendants manufactured an assignment that demonstrates that they never had rights to the mortgage, and further appears to be fraudulent on its face.
6.  Attempted to collect fee's they claimed were paid to the Civil Sheriff of Orleans Parish when no such fee's were paid.
7.  Did not respond to inquiries on the matter as required by statute.


*1. . State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a), (b), (c), and/or (d). If you allege violations of more than one Section 1962 subsection, treat each as a separate RICO claim:*

3. This claim arises under 18 U.S.C. Section 1962 (c).


*2. List each defendant and state the alleged misconduct and basis of alleged liability of each defendant.*

4. Defendants American Home Mortgage Servicing, Inc (hereafter AHMSI) and Wells Fargo N. A. (hereafter Wells Fargo) did manufacture and attempt to enforce a forged Promissory Note, via the wires and mails, in an attempt to unlawfully take money and property from the Plaintiff.

5. Defendants have never been a party to a contract with the Plaintiff, and never had the rights of the mortgage assigned to them. After the commencement of litigation, the Defendants manufactured a new assignment dated June 24, 2009 (**exhibit A**) which serves as further confirmation of this fact.

*3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.*

6. John Doe, et al, who directed and/or manufactured the documents, forging the signatures of Plaintiff, Funder, and Notary.

7. John Doe et al, who ordered the creation of and manufactured the assignment of June 24 2009.

*4. List the alleged victims and state how each victim allegedly was injured.*

8. In multiplying the number of potential claimants to the Title to Plaintiff's home, it has been rendered unmarketable, erasing its value. Further, collected on a Note they did not own and laid claim to insurance proceeds they have no right to.

*5. Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall include the following information:*
*(a) List the alleged predicate acts and the specific statutes allegedly violated by each predicate act;*
*(b) Provide the dates of the predicate acts, the participants in the predicate acts and a description of the facts surrounding each predicate act;*
*(c) If the RICO claim is based upon the predicate offenses of wire*

*fraud, mail fraud, fraud in the sale of securities, of fraud in connection with a case under U.S.C. Title 11, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b). Identify the time, place, and contents of the alleged misrepresentation or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made;*

9. Mail fraud:

a. TITLE 18 > PART I > CHAPTER 63 > § 1341 "...Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

B. The envelopes whereby forgery was sent to petitioner and the envelope which contained Foreclosure Notice from Dean Morris LLC (exhibit three/ four) are provided in evidence.

10. Wire Fraud:

A. TITLE 18 > PART I > CHAPTER 63 > § 1343  Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

B. Copy of petitioners phone records with calls from defendants herein provided in evidence (exhibit five).

11. Bank Fraud:

A. "Whoever knowingly executes, or attempts to execute, a scheme or artifice: 1. to defraud a financial institution, or 2. to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises shall be fined not more than $1,000,000 or imprisoned for not more than 30 years, or both." 18 U.S.C. § 1344

B. Defendants Forgery is ipso facto proof of the "...attempt to execute a scheme or artifice...to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

C. "Bank fraud arguably occurs whenever a scheme to defraud enables the perpetrator to obtain any funds "under the custody or control of" a bank. Thus, if a scheme to defraud results in elderly victims mailing checks to the perpetrator, which are then cashed and the proceeds pocketed by the perpetrator, the perpetrator has arguably engaged in bank fraud. If a scheme to defraud results in "sweepstakes winners" departing with their credit card numbers, which are then used by the perpetrator to acquire goods and services for himself, the perpetrator has arguably engaged in bank fraud. In short, the bank fraud statute is arguably violated whenever a scheme to defraud results in the victim authorizing a bank to release funds to the perpetrator..."

d. In that defendants were attempting via forgery to coerce petitioner to pay monies out of his personal funds, kept in Regions Bank (exhibit six) , they have triggered this section of the statute.

12.  Fraud/ Forgery

A. Louisiana Criminal Code §72: "It shall be unlawful to forge, with intent to defraud, any signature to, or any part of, any writing purporting to have legal efficacy.... Issuing, transferring, or possessing with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute a violation of the provisions of this Section.  Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both."

b.  Notary James f. Ezell, #53735 has his mark forged, as well as Petitioners signature and initials, as well as funder Charmaine Campbell.

13.  Theft

A. Louisiana criminal code §67:  "Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations.  An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential...Whomever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both."

B.  Insofar as the entirety of the enterprise was the theft of petitioners monies or property the production and presentation of the forgery is defined as theft per the statute.

14. Theft of Identity:

a. Louisiana RS 14:67: 16-B.  "Identity theft is the intentional use or possession or transfer or attempted use with fraudulent intent by any person of any personal identifying information of another person to obtain, possess, or transfer, whether contemporaneously or not, credit, money, goods, services, or any thing else of value without the authorization or consent of the other person...Whomever commits the crime of identity theft when credit, money, goods, services, or any thing else of value is obtained, possessed, or transferred, which amounts to a value of one thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than ten thousand dollars, or both."

B.  Forgery of petitioners signature and initials is to be found on every page of forgery, and Notary Ezells' mark is forged, as is Funder Charmaine Campbell.

*(d) Describe in detail the perceived relationship that the predicate acts bear to each other or to some external organizing principle that renders them "ordered" or "arranged" or "part of a common plan."*

15. The forging of the Promissory Note, along with the Notice of Right to Cancel, and the fraudulent Assignment all had the purpose of establishing color of title to Plaintiff's home.  AHMSI, as the putative servicer of said loan, presented via the mails the forgery.  Wells Fargo, acting as trustee, presented a forgery to their Louisiana counsel to attempt to enforce.

16. The predicate acts related to the forgery all had the same purpose, result, participants, victim and method; the unlawful taking of plaintiffs home via fraud upon the court.  Provided in evidence are other cases filed in Orleans Parish Civil District Court where Defendants have successfully taken homes they have no apparent right to, as well as recent case law **(fourth supplement appendix)**

*(e) Explain how the predicate acts amount to or pose a threat of continued criminal activity.*

17. As detailed in the fourth supplement, Defendants had already committed various acts forbidden by statute prior to the manufacture and delivery of the forged Promissory Note. If Plaintiff had not outmaneuvered them, and defendants had successfully submitted their forgery, and thereby caused the Orleans Parish CDC to falsely establish their ownership of said note, the fraud would have continued until the note was satisfied, a term of thirty years.

18. Further, the enterprise continues to claim other victims. The court records to which the defendants are a party in the CDC are uniformly without any record that they are the party-in-interest, among other irregularities.

6. Describe in detail the alleged enterprise for each RICO claim. A description
of the enterprise shall include the following information:
(a) State the names of the individuals, partnerships, corporations, associations or other entities allegedly constituting the enterprise;
(b) Describe the structure, purpose, roles, function and course of conduct of the enterprise;
(e) State whether any defendants are employees, officers or directors of the alleged enterprise;
(d) State whether any defendants are associated with the alleged enterprise, and if so, how;
(e) Explain how each defendant participated in the direction of the affairs of the enterprise;
(f) State whether you allege that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise;
(g) If you allege any defendants to be the enterprise itself, or

*members of the enterprise, explain whether such defendants*
*are perpetrators, passive instruments, or victims of the alleged*
*racketeering activity.*

19. The enterprise is separate and distinct from the pattern of racketeering activity, and functions in the usual manner of enforcing Promissory Notes:

AHMSI, acting as loan servicer.
Wells Fargo, acting as trustee for investors in the Pass-Thru Certificates.
Counsel, acting as representative for the above.
Orleans Parish Civil District Court, acting as arbiter and enforcer of claims.

20. The CDC relies on the pleadings of counsel when deciding if the foreclosing entity has standing, is the party-in-interest, has proof of chain of title, etc. Counsel relies on their clients for proof of those claims. As such, the Court and, generally, Counsel, are passive instruments as well as victims if the Trust and/ or Servicer produce fraudulent documents.

21. That is what happened in this case. When informed via Plaintiff that the document in their possession was plainly a forgery and they confirmed, the Dean Morris firm ceased all contact with Plaintiff and made no further attempt to enforce the forged Note. The conduct of the Dean Morris firm in this case has been exemplary.

22. As the forged Note was presented to Counsel by Wells Fargo, and to Plaintiff by AHMSI, it is unknown which defendant manufactured it. However, the forgery was passed between them and presented simultaneously to both Counsel and Plaintiff with the common purpose of foreclosure fraud. When challenged on the lack of an assignment of rights to the now Defendants, a new assignment was created. One party of the assignment is the successor shell of the defunct Servicer which has no mortgage rights to assign. It is dated June 24th 2009, well after the commencement of litigation. It is notarized in Idaho though the signatories are in California. Even if it were valid it would prove that prior to last month the Defendants did not have rights to the mortgage, nor obviously possession of the Note the mortgage would secure.

*7. State whether you allege and describe in detail how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.*

23. Plaintiff does not so allege.

*8. Describe the alleged relationship between the activities and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.*

24. In H.J. Inc. v. Northwestern Bell, 492 U.S. 229 (1989), the Supreme Court determined that the factors of relatedness and continuity combine to produce a pattern of racketeering..."(Grell page 7/ last paragraph)

a. relatedness:

"To be related, the criminal actions that form the pattern must "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics (grell 8/ first paragraph)."   The criminal actions related to the forgery all had the same purpose, result, participants, victim and method; the unlawful taking of petitioners home via fraud upon the court.

b. continuity:

"Open-ended continuity exists when criminal conduct is specifically threatened to be repeated or to extend indefinitely into the future (Grell 8/ last paragraph)." As discussed above, if the Defendants had successfully had the CDC establish their right to the Note, the fraud would have continued for a term of thirty years.

Insofar as there is the assumed possibility that the Defendants possess valid Promissory Notes with rights assigned to them, the only difference in their usual and daily activities in the enforcement of contracts is that they didn't own this one. Nor, apparently, dozens of others as detailed in the court records of the Orleans Parish CDC.

*9. Describe what benefits, if any, the alleged enterprise and each defendant received from the alleged pattern of racketeering activity.*

25. The Defendants are not the party-in-interest in securitized loans, the investors in the pass-thru certificates are. As such, they collect extra fee's on mortgages in default or foreclosure from said investors. Further, loans in default or foreclosure (or involved in litigation) trigger insurance provisions as detailed in their SEC filings that pay them in these events. Further, they reap fee's from borrowers that are excessive and/ or unjustified (cf: Jones v. Wells Fargo (**exhibit B**)). Further, they use the courts to establish color of title to their false claims and take ownership of the properties.

*10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.*

26. AHMSI is based in Irving, Texas, with servicing operations in California, Florida, and India. Wells Fargo Bank N.A. is a corporation organized under the laws of Delaware, and Dean Morris LLC is a Louisiana based firm. In the conceptualizing, construction, and delivery via the USPS the RICO enterprise thereby affected interstate commerce according to the statute.

*11. If the complaint alleges a violation of 18 U.S.C. Section 1962(a), provide the*
*following information:*
*(a) State who received the income derived from the pattern of*
*racketeering activity or through the collection of an unlawful*
*debt; and,*
*(b) Describe the use or investment of such income.*

27. The complaint does not so allege.

*12. If the complaint alleges a violation of 18 U.S.C. Section 1962(b), provide the*
*following information:*
*(a) Describe in detail the acquisition or maintenance of any interest*
*in or control of the alleged enterprise; and*
*(b) State whether the same entity is both the liable "person" and*
*the "enterprise" under Section 1962(b).*

28. The complaint does not so allege.

*13. If the complaint alleges a violation of 18 U.S.C. Section 1962(c), provide the*
*following information:*
*(a) State who is employed by or associated with the enterprise;*
*(b) State whether the same entity is both the liable "person" and*
*the "enterprise" under Section 1962(c).*

29. Defendants are large corporate firms, with an unknown number of employees. Within said firms are an unknown number of individuals responsible for the actions detailed in this complaint. The Legal Department of AHMSI informed plaintiff that the Forged Promissory Note originated from their Irving, Texas headquarters, as did the Forged Notice Of Right To Cancel.

30. Defendants are persons per the statute, as they are "capable of holding a legal or beneficial interest in property," but they are only part of the enterprise, which also includes unwitting Counsel as well as the Orleans Parish CDC which relies on Counsels sworn statements regarding the underlying documents.

*14. If the complaint alleges a violation of 18 U.S.C. Section 1962(d),*
*describe in detail the alleged conspiracy.*

31. The complaint does not so allege.

*15. Describe the alleged injury to business or property.*

32. Defendants collected insurance and Road Home grant money from Plaintiff without the legal right to, and forged a Promissory Note. Thus multiplying the number of claimants as well as Notes, and producing new assignments, as well as securitizing the mortgage without the borrowers knowledge or consent when another party (H & R Block) claimed to own said mortgage, they have rendered the title to the property unmarketable and deprived Plaintiff of funds necessary to complete rebuilding.

*16. Describe the relationship between the alleged injury and violation of*

*the RICO statute.*

33. The defendants RICO enterprise, by sending forged documents thru the pipeline of Trustee, Servicer, Counsel, and the CDC, have caused a cloud to be placed over the title to Plaintiff's property. Their RICO enterprise also claimed to be the party-in-interest and collected on a loan they did not own.

*17. List the damages sustained by reason of the violation of Section 1962, indicating the amount for which each defendant allegedly is liable.*

34.
    a.. Rendered title of Plaintiff's home unmarketable.
    b. Laid claim to Road Home grant money and insurance proceeds they have no
       legal right to.

*18. Provide any additional information you feel would be helpful to the Court in processing your RICO claim.*

35. Defendants have been cited in multiple jurisdictions for precisely these irregularities, but as even a cursory review of the dozens and dozens of foreclosure cases they instigated in the CDC show, they have illegally taken hold of endless damaged properties and rebuilding money in Orleans Parish, houses which now sit vacant and rotting, their owners rendered homeless-first by the collapse of the levee's, then by the actions of the defendants.

36. As such, they are the greatest impediment to rebuilding that the City of New Orleans now faces. This court has the historic opportunity to place an end to the actions of the defendants that have stalled our recovery.

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this ___ day of _____, 20__ , served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

Michael Paul Castrillo

814 Alvar St. NOLA
miguelcastrillo@hotmail.com
504 - 495 - 0588