MICHAEL PAUL CASTRILLO                          CIVIL ACTION


VERSUS                                          NO: 09-4369


AMERICAN HOME MORTGAGE                          SECTION: R
SERVICING, INC., WELLS FARGO
BANK, N.A. AS TRUSTEE FOR
CITIGROUP MORTGAGE LOAN TRUST
INC., ASSET-BACKED PASS-
THROUGH CERTIFICATES, SERIES
2005-OPT4


## SUMMARY ORDER

Before the Court are plaintiff Michael Castrillo's second

motion for reconsideration and amended second motion for

reconsideration.[1]  Because Castrillo's motions for

reconsideration were filed within 28 days of the Court's order

dated April 5, 2010, the Court treats them as Rule 59(e) motions

to alter or amend a judgment.[2]  A district court has considerable

discretion to grant or deny a Rule 59(e) motion for

reconsideration.[3]  In exercising its discretion, the Court must

"strike the proper balance" between the need for finality and

"the need to render just decisions on the basis of all the

---

[1]     (R. 71, 74.)

[2]     *See* Fed. R. Civ. P. 59(e); *Edward H. Bohlin Co. v.
Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

[3]     *Id.* at 353.

facts."[4]  Reconsideration, however, "is an extraordinary remedy that should be used sparingly."[5]  Reconsideration "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[6]  To succeed on a Rule 59(e) motion, therefore, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence."[7]  Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[8]

The Court has reviewed Castrillo's motions for reconsideration and finds that they do not demonstrate a manifest error of law or fact, nor do they present newly discovered evidence.  To the contrary, they present arguments and documents that were available to Castrillo when he responded to defendants'

---

[4]    *Id.* at 355.

[5]    *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999).

[6]    *Id.*

[7]    *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

[8]    *Templet*, 367 F.3d at 478-79.

motion for summary judgment.  Castrillo's motions for

reconsideration are DENIED.


        New Orleans, Louisiana, this <u>4th</u> day of May, 2010.


        _____
                   SARAH S. VANCE
             UNITED STATES DISTRICT JUDGE