UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL PAUL CASTRILLO					CIVIL ACTION

VERSUS								NO: 09-4369

AMERICAN HOME MORTGAGE				SECTION: R
SERVICING, INC., WELLS FARGO
BANK, N.A. AS TRUSTEE FOR
CITIGROUP MORTGAGE LOAN TRUST
INC., ASSET-BACKED PASS-
THROUGH CERTIFICATES, SERIES
2005-OPT4

## **SUMMARY ORDER**

Before the Court is defendant American Home Mortgage Servicing, Inc. (AHMSI)'s motion to strike plaintiff Michael Paul Castrillo's notice of constitutional question.[1] Castrillo's notice of constitutional question purports to challenge the constitutionality of Louisiana Code of Civil Procedure articles 2631-2640 and Louisiana Revised Statute 10:9-629, all of which govern executory process foreclosure proceedings in Louisiana.

The purported constitutional questions raised by Castrillo are not properly before the Court. Castrillo failed to identify these claims in his complaint,[2] his first amended complaint,[3] his

---

[1] (R. 81, 82.)

[2] (R. 1.)

[3] (R. 12, 23.)

second amended complaint,[4] his motion for summary judgment,[5] his motion for judgment on the pleadings,[6] his motion for injunctive relief,[7] his various opposition briefs,[8] his various motions for reconsideration,[9] and his proposed pretrial order.[10]  Under the Court's scheduling order, the deadline for amending pleadings passed on October 19, 2009,[11] well before Castrillo filed his notice of constitutional question on April 27, 2010.  Moreover, as Castrillo recognizes, the Court has recently ordered that "[t]he deadlines for discovery and for the filing of non-evidentiary pretrial motions have passed," that "discovery and motions practice are closed," and that "the only issue [to be] tried will be Mr. Castrillo's claim against [AHMSI] filed under the Federal Fair Debt Collection Practices Act."[12]  Castrillo has presented no good cause why his purported constitutional

---

[4]     (R. 33, 34.)

[5]     (R. 26.)

[6]     (R. 41.)

[7]     (R. 42.)

[8]     (*See, e.g.*, R. 19, 66.)

[9]     (R. 37, 71, 74.)

[10]    (R. 75.)

[11]    (R. 28.)

[12]    (R. 85.)

questions were not timely raised, and the time for raising them has long passed.[13] To the extent Castrillo seeks to further amend his complaint, the Court denies leave.

Castrillo asserts that he raised his proposed constitutional questions in his motion for injunctive relief.[14] This is incorrect. Castrillo's motion for injunctive relief may have attacked the validity of the confession of judgment clause included in his mortgage contract, but it did not attack the facial validity of executory process foreclosure proceedings in Louisiana. Indeed, Castrillo's motion for injunctive relief does not even refer to the provisions of Louisiana law that he now asks the Court to declare unconstitutional.

Even if Castrillo's motion for injunctive relief did implicate the constitutionality of the Louisiana laws he now challenges, which it does not, the Court has already abstained

---

[13] *See, e.g.*, *Nevels v. Ford Motor Co.*, 439 F.2d 251 (5th Cir. 1971) ("While it is generally true that leave to file amendments should be freely given, Fed. R. Civ. P. 15(a), amendments should be tendered no later than the time of pretrial, unless compelling reasons why this could not have been done are presented.") *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (upholding denial of motion to amend filed two months after deadline in scheduling order because plaintiff failed to demonstrate good cause for untimeliness).

[14] (*See* R. 42.) Castrillo's motion for injunctive relief was also filed after the deadline for amended pleadings had expired.

3

from considering these issues.[15]  "In essence, Castrillo asks the Court to invalidate Wells Fargo's writ of seizure and sale and enjoin the state court foreclosure proceedings.  The Court, however, lacks jurisdiction to interfere with ongoing state proceedings that implicate important state interests, and it also lacks jurisdiction to review state-court judgements."[16]  To the extent Castrillo seeks to bring a § 1983 claim against AHMSI, this claim has been rejected by the Fifth Circuit and would be futile.[17]  Finally, to the extent Castrillo's notice of constitutional question "is in no way meant to make any impact on the adjudication of the instant case nor any of the litigants involved,"[18] as Castrillo asserts, it seeks a mere advisory

---

[15]   (R. 70 at 27-29, 31.)

[16]   (*Id.* at 27 (citing, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 54 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983); *Flores v. Citizens State Bank of Roma, Tex.*, 132 F.3d 1457, 1457 (5th Cir. 1997); *Gray v. Pagano*, 287 F. App'x 155, 157 (3d Cir. 2008); *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003).)  Only Wells Fargo and not AHMSI is pursuing executory process foreclosure proceedings against Castrillo.  Wells Fargo has already been dismissed from this action.  (R. 33, 70.)

[17]   *See Earnest v. Lowentritt*, 690 F.2d 1198, 1201-02 (5th Cir. 1982) (finding that initiation of foreclosure proceedings does not constitute state action for purposes of § 1983).

[18]   (*See* R. 81 at 3.)

opinion. This Court lacks jurisdiction to issue advisory opinions.[19]

If Castrillo wants to challenge the constitutionality of Louisiana's executory process foreclosure proceedings, he must do so in his state court foreclosure proceedings. AHMSI's motion to strike is GRANTED.

New Orleans, Louisiana, this <u>4th</u> day of June, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19] *See, e.g.*, *Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir. 1976) ("Article II
I courts have jurisdiction over actual controversies; they are not permitted the luxury of issuing advisory opinions."); *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 969 (5th Cir. 1993) (abstaining on interpretation of state statute because subsequent state court decision could make federal interpretation advisory).